UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 05-10806-RCL

| | |
|---|---|
| BOSTON AND MAINE CORPORATION and SPRINGFIELD TERMINAL RAILWAY COMPANY, <br><br> Plaintiffs <br> v. <br><br> TOWN OF WESTFORD, WESTFORD BOARD OF HEALTH, DARREN R. MACCAUGHEY, SANDY COLLINS, R.N., ZAC CATALDO, TODD LOBO, TOM MAHANNA, JOANNE MARTEL, JOSEPH GUTHRIE, JR., MASSACHUSETTS DEPARTMENT OF ENVIRONMENTAL PROTECTION and ROBERT W. GOLLEDGE, JR., <br><br> Defendants | ANSWER OF DEFENDANTS TOWN OF WESTFORD, WESTFORD BOARD OF HEALTH, DARREN R. MACCAUGHEY, SANDY COLLINS, R.N., ZAC CATALDO, TODD LOBO, TOM MAHANNA, JOANNE MARTEL, JOSEPH GUTHRIE, JR. ("TOWN") |

To the extent the allegations set forth in the uncaptioned introductory paragraph to the Complaint require a response, the same are denied.

JURISDICTION AND VENUE

1.      The allegations set forth in Paragraph 1 comprise contentions as to matters of law not requiring a response by the Town. To the extent said allegations require a response, the same are denied.

2.      The allegations set forth in Paragraph 2 comprise contentions as to matters of law not requiring a response by the Town. To the extent said allegations require a response, the same are denied.

## STATEMENT OF CASE AND PARTIES

3. The Town is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3.

4. The Town is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4.

5. Admitted.

6. Admitted.

7. Admitted.

8. The Town is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8.

9. Denied.

10. Denied.

## FACTS

11. The Town is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11.

12. The Town is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12.

13. The Town states that the referenced letter and regulation speak for themselves.

14. The Town is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14.

15. Denied.

## COUNT I
(Preemption by the ICA and the Supremacy Clause)

16. The Town restates and incorporates by reference herein its response to Paragraphs 1-15.

17. The allegations set forth in Paragraph 17 comprise contentions as to matters of law not requiring a response by the Town. To the extent a response is required, said allegations are so vaguely pled as to preclude reasoned response.

18. The allegations set forth in Paragraph 18 comprise contentions as to matters of law not requiring a response by the Town. To the extent a response is required, the Town states that the cited statute speaks for itself.

19. The allegations set forth in Paragraph 19 comprise contentions as to matters of law not requiring a response by the Town. To the extent a response is required, the Town states that the cited statute speaks for itself.

20. The allegations set forth in Paragraph 20 comprise contentions as to matters of law not requiring a response by the Town. To the extent a response is required, the Town states that the cited statute speaks for itself.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

## COUNT II
(Preemption by FRSA and the Supremacy Clause)

25. The Town restates and incorporates by reference its responses to Paragraphs 1-24.

26. The allegations set forth in Paragraph 26 comprise contentions as to matters of law not requiring a response by the defendants. To the extent a response is required, said allegations are so vaguely pled as to preclude reasoned response.

27. The allegations set forth in Paragraph 27 comprise contentions as to matters of law not requiring a response by the Town. To the extent a response is required, the Town states that the cited statute speaks for itself.

28. The allegations set forth in Paragraph 28 comprise contentions as to matters of law not requiring a response by the Town. To the extent a response is required, the Town states that the cited statute speaks for itself.

29. Denied.

30. Denied.

## COUNT III
(Violation of Dormant Commerce Power)

31. The Town restates and incorporates by reference its responses to Paragraphs 1-30.

32. The allegations set forth in Paragraph 32 comprise contentions as to matters of law not requiring a response by the Town. To the extent a response is required, the Town states that the cited Constitutional provision speaks for itself.

33. Denied.

34. Denied.

35. Denied.

DEFENSES

FIRST DEFENSE

The Complaint should be dismissed for lack of jurisdiction.

SECOND DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

THIRD DEFENSE

The Complaint should be dismissed for improper service of process.

FOURTH DEFENSE

The Complaint should be dismissed for insufficiency of process.

FIFTH DEFENSE

The Complaint should be dismissed for improper venue.

SIXTH DEFENSE

The Complaint should be dismissed for lack of any justiciable case or controversy between the parties.

SEVENTH DEFENSE

The Complaint should be dismissed because the plaintiff has failed to exhaust its administrative remedies.

EIGHTH DEFENSE

The defendants state that the order at issue was duly issued pursuant to state and federal law.

## NINTH DEFENSE

The defendants deny that the order at issue interferes with or affects the practices, services, or operations of the interstate rail network, and thus, the order is not preempted by federal law.

## TENTH DEFENSE

The defendants deny that the order regulates rail safety, and thus, the order is not preempted by federal law.

## ELEVENTH DEFENSE

The defendants deny that the order conflicts with any federal regulation regarding the length of time a train is permitted to idle, and thus, the order is not preempted by federal law.

## TWELFTH DEFENSE

The defendants deny that the order constitutes an unreasonable burden on interstate commerce.

## THIRTEENTH DEFENSE

The plaintiff's claim is barred by the applicable statute of limitations.

## FOURTEENTH DEFENSE

The Complaint fails to state a claim upon which punitive damages are available against any of the defendants.

## FIFTEENTH DEFENSE

The action filed by the plaintiff is frivolous, wholly insubstantial and not advanced in good faith, and defendant is entitled to recovery of all costs, expenses and attorney's fees associated with the defense of this action.

## JURY CLAIM

The Town respectfully demands a trial by jury.

        DEFENDANTS TOWN OF WESTFORD, WESTFORD BOARD OF HEALTH, DARREN R. MACCAUGHEY, SANDY COLLINS, R.N., ZAC CATALDO, TODD LOBO, TOM MAHANNA, JOANNE MARTEL, JOSEPH GUTHRIE, JR., ("Town")

By their attorney,

/s/ Joseph L. Tehan, Jr.
Joseph L. Tehan, Jr. (BBO # 494020)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA  02116
(617) 556-0007

251393/METG/0624