UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSTON AND MAINE CORPORATION and SPRINGFIELD TERMINAL RAILWAY COMPANY,<br><br>        Plaintiffs,<br><br>v.<br><br>TOWN OF WESTFORD, WESTFORD BOARD OF HEALTH, DARREN R. MACCAUGHEY, SANDY COLLINS, R.N., ZAC CATALDO, TODD LOBO, TOM MAHANNA, JOANNE MARTEL, JOSEPH P. GUTHRIE, JR., MASSACHUSETTS DEPARTMENT OF ENVIRONMENTAL PROTECTION, and ROBERT GOLLEDGE, JR.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 05 CV 10806 MLW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT STATEMENT CONTAINING PROPOSED PRETRIAL SCHEDULE**

Pursuant to the Notice of Scheduling Conference issued by this Court on August 18, 2005 and amended on September 23, 2005, Rules 16 and 26 of the Federal Rules of Civil Procedure and Rule 16.1 of the Local Rules, counsel for the plaintiffs (Boston and Maine Corporation and Springfield Terminal Railway Company) and the defendants (Town of Westford, Westford Board of Health, Darren R. MacCaughey, Sandy Collins, R.N., Zac Cataldo, Todd Lobo, Tom Mahanna, Joanne Martel, Joseph P. Guthrie, Jr., Massachusetts Department of Environmental Protection and Robert Golledge, Jr.) conferred on September 29, 2005 and hereby submit their joint statement containing a summarization of the position of the parties and a proposed pre-trial schedule.

## Summary of Positions by the Parties

A.  Plaintiffs' Position:

Plaintiffs, common carriers by rail subject to the jurisdiction of the Surface Transportation Board and the Federal Railroad Administration, take the position that the regulation of the idling of locomotives found at 111 M.G.L.A. § 142B and 310 CMR 7.11(2), is preempted by the Interstate Commerce Act, as amended by the ICC Termination Act of 1995 (49 U.S.C. §§ 701-727), and by the Federal Railroad Safety Act (49 U.S.C. §§ 20101 *et seq.*), and violates the Dormant Commerce Clause (*see* U.S. CONST. art. 1, § 8, cl. 3) and the Supremacy Clause of the United States Constitution (U.S. CONST. art. 6, cl. 2). The times, places, and duration of idling are dictated largely by such considerations as federal brake testing requirements, interstate rail traffic congestion, and the like. The express preemption provisions of the Interstate Commerce Act and the Federal Railroad Safety Act, as well as the judicial recognition of the dormant commerce power, reflect such considerations. The regulation in question has statewide application, which means that under the defendants' view of the matter, each of the more than 100 towns in the Commonwealth in which Plaintiffs operate has the unilateral right to decide when idling is justified.

B.  Position of the Town of Westford, the Westford Board of Health, Darren R. MacCaughey, Sandy Collins, R.N., Zac Cataldo, Todd Lobo, Tom Mahanna, Joanne Martel, and Joseph P. Guthrie, Jr.:

The Town of Westford takes the position that the excessive idling of trains may threaten public health and safety and that regulation of idling is a permissible

exercise of inherent police powers and is expressly authorized pursuant to state law. The Town further denies plaintiffs' claim of pre-emption in the circumstances of this case.

C. Position of the Massachusetts Department of Environmental Protection and Commissioner Robert W. Golledge, Jr.

The Commonwealth of Massachusetts takes the position that 310 CMR 7.11(2)(b) is not preempted by federal law because it prohibits only "unnecessary foreseeable idling." Plaintiffs have allowed diesel locomotive engines to idle unnecessarily and for excessive periods of time in Andover. The state retains police powers to protect health and safety of its citizens where its regulation does not interfere with interstate rail operations.

**Settlement Proposals**

The parties have discussed possible settlement of this matter and have been attempting to schedule a meeting to further explore settlement opportunities. Unfortunately, the meeting has not been scheduled, but the parties intend to meet in the next two to four weeks.

**Proposed pretrial schedule**

In light of the particular facts of this case, the parties have agreed to propose the following schedule to this Court:

| | |
|---|---|
| October 19, 2005 | Rule 26(a) Initial Disclosures |
| December 30, 2005 | All written discovery (Interrogatories, Document Requests) served. |

| | |
|---|---|
| February 24, 2006 | All written discovery complete. |
| March 20, 2006 | All non-expert depositions complete. |
| March 31, 2006 | Plaintiffs designate experts |
| April 28, 2006 | Defendants designate experts |
| May 26, 2005 | All expert depositions complete. |
| June 30, 2006 | All motions and cross-motions for summary judgment filed. |
| July 28, 2006 | Opposition to motions for summary judgment filed. |
| August 11, 2006 | Replies to opposition filed. |

**Certifications regarding budgets and alternative dispute resolution**

The parties will file L.R. 16.1 certifications of conferral on or before the date of the scheduling conference.

**Trial by Magistrate**

The parties do not consent to a trial by magistrate.

Respectfully submitted,

**BOSTON AND MAINE CORPORATION**
**SPRINGFIELD TERMINAL RAILWAY CO.**

/s/ Katherine E. Potter
Katherine E. Potter
BBO#651726
Iron Horse Park
North Billerica, MA 01862
Phone: (978) 663-1029

**September 30, 2005**


TOWN OF WESTFORD, WESTFORD BOARD OF HEALTH,
DARREN R. MACCAUGHEY, SANDY COLLINS, R.N.,
ZAC CATALDO, TODD LOBO, TOM MAHANNA,
JOANNE MARTEL, JOSEPH P. GUTHRIE, JR.,

/s/ Joseph L. Tehan, Jr.
Joseph L. Tehan, Jr.  BBO# 494020
Sarah N. Turner BBO# 654195
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
Phone: 617-556-0007

**September 30, 2005**


**MASSACHUSETTS DEPARTMENT OF**
**ENVIRONMENTAL PROTECTION and**
**ROBERT W. GOLLEDGE, JR.**

/s/Nora Chorover
Nora J. Chorover, Esq.
BBO#
Assistant Attorney General
Commonwealth of Massachusetts
Office of Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Phone:

**September 30, 2005**